Filed
1/29/2019 6:57 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2019CVH000201D4

CAUSE NO. _____

| | | |
|---|---|---|
| LONDON LAREDO, LLC<br>*Plaintiff,* | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | WEBB COUNTY, TEXAS |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

London Laredo, LLC ("Plaintiff"), complains of Scottsdale Insurance Company ("Defendant"), and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff is a Texas Corporation with its principal place of business in Webb County, Texas.

3.      Defendant Scottsdale Insurance Company ("Scottsdale") is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served through the Commissioner of Insurance at P.O. Box 149104, Austin, Texas 78714-9104, with further



processing to Corporation Service Co. d/b/a CSC-Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620 Austin, Texas 78701-3218.

4.      The Clerk is requested to issue Citations.

### III.
### JURISDICTION

5.      Plaintiff seeks monetary relief over $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.      The court has jurisdiction over Defendant Scottsdale Insurance Company because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

7.      Venue is proper in Webb County, Texas, because the insured property giving rise to this cause of action is situated in Webb County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

8.      Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required pursuant to TEX.INS.CODE § 542A.003. Plaintiff has received a copy of such notice.

9.      All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

### VI.
### FACTS

10.     Plaintiff is the owner of a commercial property located at 13703 N. Unitec Drive, Laredo, Texas 78045 (the "Property").   The Property was insured by insurance policy number CPS2597758, issued by Defendant Scottsdale Insurance Company (the "Policy").   Plaintiff is the owner of the Policy and the named insured on the Policy.

11.     On or about May 21, 2017 or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.   After the loss, Plaintiff made a claim (claim no. 01777659) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim").   After Plaintiff made the Claim, Defendant assigned or otherwise retained its employees and/or agents to work on Plaintiff's Claim.   Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

12.     Defendant's adjusters made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant.   The damages Defendant included in its estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.   Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Defendant's investigation failed to include the full extent of damages at Property. This was evidenced through the estimate report, provided by Defendant to

Plaintiff, which omitted several areas of damage at Property during their inspection. Further, Defendant retained unqualified inspectors to conduct an investigation on the Property. The reports provide by the consultants were known to favor the Defendant's denial decision on the Claim.

13.     Defendant's adjusters knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim.  Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

14.     Defendant's hiring and use of third-party consultants shows their continuous biased approach towards the adjustment of Plaintiff's claim. Defendant used their consultants to provide them with a pretextual basis for their denial of Plaintiff's Claim. Defendant relied on this inaccurate and inadequate report prepared by their consultants in making decisions regarding the Claim.

15.     Defendant failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

16.     Defendant intentionally misrepresented to Plaintiff about the date of the damages found on Property. Defendant repeatedly denied Plaintiff's Claim on the basis that the damages found on the Property were due to an earlier storm occurrence, and thus not covered under the Policy.

Defendant was aware that a prior Storm was not the cause of the damages at Property, but misrepresented to Plaintiff's this fact regardless, in order to avoid liability under the Policy.

17.    Defendant misrepresented the cause and extent of the damages of the Property to Plaintiff. Specifically, Defendant continuously claimed that the damages on Property were not due to the Storm event, despite the obvious nature and position of the damages on the roof indicating damages from the specified Storm.

18.    Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to include the full extent of damages at Property in the estimates presented to Plaintiff, and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

19.    Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and delayed completing the investigation of the Claim. Defendant failed to use qualified adjusters and inspectors to conduct investigations of the Property, and instead retained unqualified consultants that would favor their denial decision. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

20.    Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire

loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

21.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.   Defendant continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

22.     Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim.  Further, Defendant refused to further investigate the Claim despite being presented with multiple additional reports and estimates exhibiting the full extent of damages at the Property. Defendant ignored these reports and continued to rely on misrepresentations about the date of the Storm and covered perils under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

23.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.   Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

24.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

25.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

26.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

28.     Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT SCOTTSDALE

29.     Defendant Scottsdale is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

      **A.     Breach of Contract.**

30.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

      **B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

31.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

32.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

33.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

34.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

35.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

36.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(7).

37.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

C.     **Prompt Payment Of Claims Violations.**

38.     The Claim is a claim under an insurance policy with Defendant Scottsdale of which Plaintiff gave Defendant notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant

reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

39.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.      Breach Of The Duty Of Good Faith And Fair Dealing.**

40.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.  Defendant's conduct proximately caused Plaintiff injuries and damages.

**VIII.**
**KNOWLEDGE**

41.     Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**IX.**
**DAMAGES**

42.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

43.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

44.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.   For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

45.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.   TEX.INS.CODE §542.060.

46.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

47.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

48.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

49.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

50.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

GREEN AND BARTON

By: /s/ Robert D. Green
　　　ROBERT D. GREEN
　　　State Bar No.: 08368025
　　　HUNTER M. KLEIN
　　　State Bar No.: 24082117
　　　440 Louisiana Street, Suite 1900
　　　Houston, Texas 77002
　　　(713) 654-9222- Telephone
　　　(713) 654-2155- Fax
　　　green@greentriallaw.com
　　　klein@greentriallaw.com

　　　DANIEL P. BARTON
　　　State Bar No.: 00789774
　　　WAYNE D. COLLINS
　　　State Bar No.: 00796384

*London Laredo, LLC v. Scottsdale*　　　Page 12
Plaintiff's Original Petition

1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
dbarton@bartonlawgroup.com
wcollins@bartonlawgroup.com

ATTORNEYS FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

Filed
1/29/2019 6:57 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2019CVH000201D4

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED LONDON LAREDO, LLC V. SCOTTSDALE INSURANCE COMPANY
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Hunter M. Klein | **Email:** klein@greentriallaw.com | **Plaintiff(s)/Petitioner(s):** London Laredo, L LC | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 440 Louisiana, Suite 1900 | **Telephone:** 713-654-9222 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77002 | **Fax:** 713-654-2155 | **Defendant(s)/Respondent(s):** Scottsdale Insurance Company | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:** | **State Bar No:** 24082117 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☒ Other Debt/Contract: Breach of Contract<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| **Employment** | **Other Civil** | | | **Parent-Child Relationship** |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

# Webb County District Clerk

### Request for Issuance of Service

Filed
1/29/2019 6:57 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2019CVH000201D4

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiff's Original Petition _____

**FILE DATE:** 1/29/2019_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Scottsdale Insurance Company _____

Address of Service: Commissioner of Insurance, P.O. Box 149104 _____

City, State & Zip: Austin, Texas 78714-9104 _____

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | | ☐ Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ( $12.00) | ☐ Capias (not an E-Issuance) | | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ( $12.00) | | |
| ☒ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | | ☐ Sequestration |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe)_____ | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ ATTORNEY PICK-UP (phone) _____   ☐ CONSTABLE
☐ MAIL to attorney   at:_____

☒ **CERTIFIED MAIL by District Clerk**   ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) CAPIAS is not an E-Issuance Option
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

Issuance of Service Requested By:Attorney/Party Name: Hunter M. Klein   Bar # or ID 24082117 _____

Mailing Address: 440 Louisiana, Suite 1900, Houston, TX 77002 _____

Phone Number: 713-654-9222 _____

 **TDI** | **Texas Department of Insurance**



PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

February 8, 2019

USPS Certified Mail No.
9214 8901 9403 8378 4885 25
Return Receipt Requested

Thomas E. Clark, President
Scottsdale Insurance Company
8877 North Gainey Center Drive
Scottsdale, AZ 85258

Re: Cause No.: 2019-CVH-000201 D4; styled *London Laredo, LLC vs. Scottsdale Insurance Company;* in the 406th Judicial District Court, Webb County, Texas

Dear Sir:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition in the above referenced matter. These documents were served upon the Commissioner of Insurance on February 7, 2019.

Sincerely,

Tish Wilhelm
Program Specialist

enclosure

SERVE

2019CVH000201D4

## CITATION BY CERTIFIED MAIL
## THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:    SCOTTSDALE INSURANCE COMPANY
       BY SERVING CORPORATION SERVICE CO
       D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
       211 EAST 7TH STREET SUITE 620
       AUSTIN TX  78701-3218

| BY SERVING THE COMMISSIONER OF INSURANCE |
| P.O. BOX 149104 |
| AUSTIN, TX 78714-9104 |

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2019CVH000201D4, styled:

### LONDON LAREDO LLC, PLAINTIFF
### VS.
### SCOTTSDALE INSURANCE COMPANY, DEFENDANT

Said Plaintiff's Petition was filed on 01/29/2019 in said court by:
       ROBERT D GREEN, ATTORNEY FOR PLAINTIFF
       440 LOUISIANA ST STE 1900
       HOUSTON TX  77002

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, on this the 4th day of February, 2019.

## C L E R K   O F   C O U R T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042

BY: _____  DEPUTY
          DIANA VELA

### CLERK'S CERTIFICATE OF SERVICE

    I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this the 4th day of February, 2019 by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via **Certified Mail No. 7015 0640 0002 1145 3216**  ADDRESSED TO: SCOTTSDALE INSURANCE COMPANY, BY SERVING CORPORATION SERVICE CO, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 EAST 7TH STREET SUITE 620, AUSTIN TX  78701-3218 and endorsed thereon "**RETURN RECEIPT REQUESTED**," after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially on this the 4th day of February, 2019.

                            ESTHER DEGOLLADO
                            CLERK OF THE DISTRICT COURTS AND
                            COUNTY COURT-AT-LAW
                            OF WEBB COUNTY, TEXAS

ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.              BY: _____  DEPUTY
                                              Diana Vela



**Oscar J. Hale, Jr.**

State District Judge

406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

February 01, 2019

CAUSE NO.:  <u>2019CVH000201D4</u>

STYLE:  <u>LONDON LAREDO LLC</u>
<u>VS</u>
<u>SCOTTSDALE INSURANCE COMPANY</u>

Please take NOTICE that this case is set for **CALENDAR CALL** on <u>03/18/2019</u> at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator



STATE OF TEXAS
PENALTY FOR PRIVATE USE



**Texas Department
of Insurance
MC 113-2A
333 Guadalupe
Austin, TX 78701**



USPS CERTIFIED MAIL

9214 8901 9403 8378 4885 25

SCOTTSDALE INSURANCE COMPANY
THOMAS E CLARK PRESIDENT
8877 NORTH GAINEY CENTER DRIVE
SCOTTSDALE AZ 85258

*EXEC*

**OFFICIAL BUSINESS
STATE OF TEXAS**