UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LONDON LAREDO, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:19-cv-33** |
| | § | **JURY** |
| | § | |
| **SCOTTSDALE INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S FIRST AMENDED  ANSWER

Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant") file this, its First Amended Answer, and would respectfully show unto the court the following:

### DISCOVERY CONTROL PLAN

1.1      Paragraph 1 of Plaintiff's Original Petition ("Petition") is not applicable to this case as it is in Federal Court.

### PARTIES AND PROCESS SERVICE

2.1      The allegation contained in Paragraph 2 of the Plaintiff's petition is admitted upon information and belief.

2.2      The allegation contained in Paragraph 3 of the Plaintiff's petition that Scottsdale Insurance Company is a foreign insurance company engaged in the business of insurance in Texas is admitted.

2.3      Paragraph 4 of Plaintiff's Original Petition ("Petition") is not applicable to this case as it is in Federal Court.

1

## JURISDICTION

3.1    Defendant admits the allegations contained in Paragraph 5 of Plaintiff's petition 5that this court has jurisdiction. The remaining allegations are denied.

3.2    The allegation contained in Paragraph 6 of the Plaintiff's petition that Scottsdale is engaged in the business of insurance in Texas is admitted. Defendant admits it issued the Policy at issue.  The remaining allegations are denied.

## VENUE

4.1    The allegations contained in Paragraph 7 of the Plaintiff's petition are admitted upon information and belief.

## NOTICE AND CONDITIONS PRECEDENT

5.1    The allegations contained in Paragraph 8 of the Plaintiff's petition are denied.

5.2    The allegations contained in Paragraph 9 of the Plaintiff's petition are denied.

## FACTS

6.1    The allegations contained in Paragraph 10 of the Plaintiff's petition are admitted as upon information and belief.

6.2    The allegations contained in Paragraph 11 of the Plaintiff's petition are denied.

6.3     The allegations contained in Paragraph 12 of the Plaintiff's petition are denied.

6.4    The allegations contained in Paragraph 13 of the Plaintiff's petition are denied.

6.5    The allegations contained in Paragraph 14 of the Plaintiff's petition are denied.

6.6    The allegations contained in Paragraph 15 of the Plaintiff's petition are denied.

6.7    The allegations contained in Paragraph 16 of the Plaintiff's petition are denied.

6.8    The allegations contained in Paragraph 17 of the Plaintiff's petition are denied.

6.9    The allegations contained in Paragraph 18 of the Plaintiff's petition are denied.

6.10    The allegations contained in Paragraph 19 of the Plaintiff's petition are denied.

6.11    The allegations contained in Paragraph 20 of the Plaintiff's petition are denied.

6.12    The allegations contained in Paragraph 21 of the Plaintiff's petition are denied.

6.13    The allegations contained in Paragraph 22 of the Plaintiff's petition are denied.

6.14    The allegations contained in Paragraph 23 of the Plaintiff's petition are denied.

6.15    The allegations contained in Paragraph 24 of the Plaintiff's petition are denied.

6.16    The allegations contained in Paragraph 25 of the Plaintiff's petition are denied.

6.17    The allegations contained in Paragraph 26 of the Plaintiff's petition are denied.

6.18    The allegations contained in Paragraph 27 of the Plaintiff's petition are denied.

6.19    The allegations contained in Paragraph 28 of the Plaintiff's petition are denied.

## CAUSES OF ACTION AS TO SCOTTSDALE

## BREACH OF CONTRACT

7.1    The allegations contained in Paragraph 29 of the Plaintiff's petition are denied.

7.2    The allegations contained in Paragraph 30 of the Plaintiff's petition are denied.

## NON COMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

8.1    The allegations contained in Paragraph 31 of the Plaintiff's petition are denied.

8.2    The allegations contained in Paragraph 32 of the Plaintiff's petition are denied.

8.3    The allegations contained in Paragraph 33 of the Plaintiff's petition are denied.

8.4    The allegations contained in Paragraph 34 of the Plaintiff's petition are denied.

8.5    The allegations contained in Paragraph 35 of the Plaintiff's petition are denied.

8.6    The allegations contained in Paragraph 36 of the Plaintiff's petition are denied.

8.7    The allegations contained in Paragraph 37 of the Plaintiff's petition are denied.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

9.1     The allegations contained in Paragraph 38 of the Plaintiff's petition are denied.

9.2     The allegations contained in Paragraph 39 of the Plaintiff's petition are denied.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

10.1    The allegations contained in Paragraph 40 of the Plaintiff's petition are denied.

## KNOWLEDGE

11.1    The allegations contained in Paragraph 41 of the Plaintiff's petition are denied.

## DAMAGES

12.1    The allegations contained in Paragraph 42 of the Plaintiff's petition are denied.

12.2    The allegations contained in Paragraph 43 of the Plaintiff's petition are denied.

12.3    The allegations contained in Paragraph 44 of the Plaintiff's petition are denied.

12.4    The allegations contained in Paragraph 45 of the Plaintiff's petition are denied.

12.5    The allegations contained in Paragraph 46 of the Plaintiff's petition are denied.

12.6.   The allegations contained in Paragraph 47 of the Plaintiff's petition are denied.

## JURY DEMAND

13.1    Defendant admits that Plaintiff gave notice of his demand for a jury trial as stated in Plaintiff's Petition Paragraph 48.

## REQUEST FOR DISCLOSURE

14.1    Paragraph 49 of Plaintiff's Petition is not applicable to this case as it is in Federal Court.

## PRAYER

15.1    No response is required to Plaintiff's Prayer. To the extent a response is required, Defendant denies that Plaintiff is entitled to such relief and denies the allegations in the Prayer.

## DEFENSES

16.1    As a specific defense, Defendant that Plaintiff's pleadings fail to state facts sufficient to entitle Plaintiff to an award of punitive damages.  Defendants further specifically plead that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, *et. seq.* of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

16.2    As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages.  The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

a)    Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b)    The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

16.3    By way of affirmative defense to Plaintiff's claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendants assert the

existence of a *bona fide* dispute.  The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims.

16.4    By way of additional defense, Defendant pleads and incorporates herein all terms and conditions of the Policy of insurance and may rely on any of the terms found therein.

16.5    Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit.

16.6    Defendant asserts that Plaintiff's claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy. Defendant incorporates the Policy fully herein as if such were fully set forth herein, *in extenso*. Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

16.7    By way of additional affirmative defense, Defendant asserts that in the event Plaintiff prevails on all or part of its claims against Defendant, then any recovery must be offset against amounts already paid to Plaintiff by any person or entity in connection with the claims made the subject of this suit. In the alternative, in the event Plaintiff prevails on all or part of his claims against Defendant, Defendant is entitled to a credit for all amounts already paid by any party or entity to Plaintiff for its damages that are the subject of this suit. Defendant is entitled to a credit or offset for all policy benefits paid to Plaintiff for the claims under the policy.

16.8     Under the doctrine of concurrent causes, Plaintiff's recovery is limited to the amount of damage caused by a covered peril. In other words, when a loss is caused by covered and non-covered perils, the Plaintiff may recover only that portion of the damage caused solely by the covered peril. Because the Plaintiff is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.

16.9     Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant is entitled to a credit or appropriate offset for: (a) any damages or losses attributable to the conduct, products, and breaches of third parties; and (b) any amounts paid in settlement by or on behalf of such third parties.

**<u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Defendant Scottsdale Insurance Company, prays that upon final trial and hearing hereof, Plaintiff recover nothing from it, and that it goes hence without delay and recover costs of court and other such further relief, both general and special, to which it may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/ George Arnold
      **George H. Arnold,** *Attorney-in-Charge*
      State Bar No.  00783559
      garnold@thompsoncoe.com
      **Marilyn S. Cayce**
      State Bar No. 17705500
      mcayce@thompsoncoe.com
      **Susan Sparks Usery**
      State Bar No. 18880100
      susery@thompsoncoe.com
      One Riverway, Suite 1400
      Houston, Texas  77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Robert D. Green
Hunter M. Klein
Green and Barton
440 Louisiana, Suite 1900
Houston, Texas  77002

Daniel P. Barton
Wayne Collins
1201 Shepherd Drive
Houston, Texas  77007
*Attorneys for Plaintiff*

      */s/ George Arnold*
      George Arnold